# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN WALKER,

        Plaintiff,

v.

THE BOARD OF COUNTY
COMMISSIONERS OF SEDGWICK
COUNTY and COMCARE OF SEDGWICK
COUNTY,

        Defendants.

Case No. 09-1316-MLB

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel (Doc. 31). For the reasons set forth below, the motion shall be GRANTED.

## Background

Plaintiff was employed by defendants as a psychotherapist from April 2005 until his termination in September 2009. Plaintiff contends that defendants engaged in sexual harassment by allowing a sexually hostile work environment to exist and then retaliating when plaintiff complained. Highly summarized, the claims are based on allegations that Ms. Harris, a female coworker, (1) made inappropriate sexually offensive comments in his presence, (2) engaged in inappropriate touching, (3) telephoned plaintiff over 185 times at

home or work and (4) routinely followed him from his office to his car.

Plaintiff sought and secured a Protection From Stalking ("PFS") restraining order in Sedgwick County District Court. Ms. Harris apparently violated the restraining order numerous times which resulted in a sentence of 48 hours in custody. Plaintiff alleges that defendants refused to honor the PFS order or otherwise prevent Ms. Harris from contacting him at work and they also retaliated against him for filing administrative complaints. Additional facts and allegations are included in the following discussion of the motion to compel.

## Motion to Compel

On July 22, 2010, plaintiff mailed his "Second Request for Production" to defense counsel. Defendants did not serve timely responses or objections to the requests but rather belatedly engaged in what can best be characterized as piecemeal production of certain documents.[1] After repeated unsuccessful requests for written responses to the production requests, plaintiff filed a motion to compel on October 1, 2010 and argued that defendants had waived any objections to the requests. Roughly three hours later (6:21 p.m.), defendants served their written objections and responses to the production requests which were also

---

[1] Beginning on September 10, 2010, defendants began production as follows: September 10 – 941 pages, September 14 – 1065 pages, September 17 – 203 pages, September 27 – 422 page, and October 1 – 164 pages. Defense counsel concedes that "in hindsight it would have perhaps been a better practice to provide plaintiff's counsel with incomplete written responses on August 21, 2010 (33 days after initial service of the requests) or to have filed a formal motion for [an] extension." Doc. 35, p. 2.

supplemented at a later date. The two production requests now remaining in dispute are Request Nos. 7 and 15. The parties' arguments are discussed in greater detail below.

**Request No. 7**

Request No. 7 seeks:

> [the] complete department files (from COMCARE, Outpatient Services (OPS)), and Dr. Rex Lear's Supervision Notes (or "Coaching Notes" as they might be called) on Patricia Harris.

Defendants' response on October 1, 2010 contained *no* objections and simply stated:

> See Bates No. 12833-887 previously produced for Dr. Lear's supervision notes regarding Ms. Harris. OPS and CSS do not have separate "department" files regarding Ms. Harris. For her COMCARE file, see Bates No. 13413-540 previously produced.

Counsel conferred by telephone on October 11 and defendants responded to plaintiff's motion on October 15. Defendants' Response Brief, Doc. 35. No objections to Request No. 7 were mentioned in defendants' brief. For reasons that are unclear, defendants waited until October 26 before serving a supplemental response to Request No. 7 that, for the first time, contained the following objections:

> **Supplemental Response:**
>
> In her report, Dorsha Kirksey referred to Dr. Lear's notes dated February 23, 2007, which Dr. Lear provided to Ms. Kirksey during her investigation. (See Bates No. 10556). A copy of Dr. Lear's note made on February 23, 2007, has already been produced to plaintiff. (See Bates No. 12833). All "coaching" notes by Dr. Lear of his supervision of Ms. Harris on matters that involve or relate to the plaintiff have been produced. Defendant objects to production of any "coaching" notes by Dr. Lear that pertain solely to Ms. Harris' patient care. Those notes are

- 3 -

> not relevant or reasonably calculated to lead to the discovery of admissible evidence. In addition, production would violate the privacy rights of the patients involved under HIPPA, the United States Constitution, and state law. Furthermore, there is no time period specified for this request and it could pre-date and post-date plaintiff's employment.

Plaintiff argues that the "relevance" and "HIPAA" objections are untimely and therefore waived. In a somewhat convoluted response, defendants concede that the objections were belatedly raised but argue that (1) "[defense counsel] had a good faith belief (although erroneous) that Request No. 7 was intended to be limited to supervision notes of Harris that pertained to plaintiff or his allegations of harassment by Harris " and (2) defense counsel's "initial misinterpretation of the scope of the Request No. 7 constitutes excusable neglect." Defendants' Response Brief, Doc. 51.

Defendants' "excusable neglect" argument is not persuasive. The language of Request No. 7 is straightforward and seeks production of the "complete" files and notes concerning Ms. Harris. Defendants do not suggest, and there is no evidence, that plaintiff in anyway mislead defense counsel concerning the scope of Request No. 7. Rather, defense counsel unilaterally withheld documents without asserting timely objections. Under the circumstances, defendants have not shown "excusable neglect."

Although the court finds that defendants waived any objections to Request No. 7 by failing to assert timely objections, the court also rejects the merits of defendants' objections. Defendants argue that Dr. Lear's supervising notes which pertain solely to Harris' patients are not relevant. The court does not agree. Plaintiff alleges that defendants retaliated against

-4-

him by criticizing his work with patients and giving him lower performance evaluations. In requesting Dr. Lear's "complete" supervising notes, plaintiff seeks to establish that Harris had similar or greater criticisms but was not subjected to the employment sanctions levied against plaintiff. The court agrees that the requested notes are relevant and the objection is rejected.[2]

Defendants also contend that records related to patient care "would be an unnecessary invasion of the patients' federal and state privacy rights." This conclusory argument is also rejected. Defendants concede that a protective order has been entered in this case and offer no evidence or explanation of "how" or "why" any patients' rights would be violated by production. Defendants' unsupported and unsubstantiated objection based on "federal and state privacy rights" is rejected.[3]

Finally, defendant argues that the request contains no time frame and is therefore

---

[2] Defendants also argue that the information is not relevant because Ms. Harris had different duties and different supervisors than plaintiff. This conclusory argument is not adequately supported by any details or facts showing that Harris and plaintiff were "not similarly situated." Both plaintiff and Harris were employed by defendants to have direct contact with patients for purposes of providing mental health care and for a period of time they provided services to the same patients. Based on the limited record before the court, they appear "similarly situated" for purposes of discovery. Moreover, no evidence whatsoever has been provided concerning the chain of supervisory authority or who made final employment decisions concerning Harris or plaintiff.

[3] Defendants' October 26 supplemental response mentions "HIPAA" without any elaboration. "HIPAA" is a complex statutory and regulatory scheme concerning patient privacy and merely mentioning the acronym "HIPAA" is not sufficient to preclude document production. Additionally, plaintiff produced other records in this case, some with and some without redactions for information that identifies patients by name. This lack of consistency in defendants' production is not explained.

overly broad because Harris records would extend from 2001 to the present. However, plaintiff agreed that the request should be construed as limited to the years "2006 to the present." The modification proposed by plaintiff is not overly broad and is approved by the court. Accordingly, plaintiff's motion to compel Production Request No. 7 is granted.[4]

**Production Request No. 15**

Production Request No. 15 seeks:

> Documentation pertaining to 'and all disciplinary actions' suggested at any time during employment with defendant for Patricia Harris.

Defendants' October 1 response provides:

> Objection is made to the wording "suggested at any time" as being vague, ambiguous, overbroad, unlimited regarding scope and time period, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, see the files pertaining to Ms. Harris (Bates No. 10325-457 and 13413-540) previously produced.

Defendants' October 26 Supplemental Response contained the following statement:

> Defendants' counsel has contacted Dorsha Kirksey and Ms. Kirksey indicates that she did not tape record witness interviews during her investigation and no such recording exist.

Plaintiff moves to compel, arguing that defendants have not produced all documents

---

[4] Although not fully developed, the parties appear to be debating the word "file." Defendants' comments suggest that documents concerning Ms. Harris may exist in other locations in their records but are not in a "traditional" file. The court will not countenance a semantics game concerning the word "file" in this modern world of electronic storage. If the documents exist, they shall be produced regardless of the existence of some antiquated notion of a "file folder."

-6-

responsive to Production Request No. 15. For the same reasons discussed above concerning Request No. 7, defendants' October 1 objections to Request No. 15 are untimely. Although the objections are deemed waived, the court briefly addresses the merits of defendants' objections.

Defendants' objection that the phrase "suggested at any time" is vague is summarily rejected. Although awkwardly phrased, Request No. 15 clearly seeks documents related to "all" suggested disciplinary actions against plaintiff and would include (1) patient or coworker complaints and (2) any supervisor notes and documents related to discipline that was initiated *or contemplated* . Defendants' objection to the period of time is also rejected because plaintiff has modified the request to cover the period of time from 2006 to the present.[5]

Defendants do not argue any of the remaining objections and instead contend that they have produced all requested documents and "have nowhere else to look." The difficulty with this argument is that defendants apparently limited their search to records they describe as "Harris' employment file" and did not consider Dr. Lear's supervision notes or patient complaints. The request is not limited to Harris' "employment file" and would include any document related to proposed or actual disciplinary action, regardless of how the document is stored in defendants' records. For example, the search would include any documents held

---

[5] Defendants' suggestion that discovery after plaintiff was terminated is irrelevant is also rejected. Evidence that Harris' work performance was the same or worse than plaintiff's performance and that she continued to be employed would be evidence of retaliation, even if the poor performance occurred after plaintiff was terminated.

by any of Harris' supervisors, Dr. Lear's notes, defendants' "risk management" department, or any other person who may have been involved in proposed or actual disciplinary action against Harris. Defendants shall conduct a comprehensive search for records responsive to Request No. 15 and produce those records.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Doc. 31) is GRANTED. Defendants shall produce the records, consistent with the rulings herein, on or before **February 4, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of January, 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge