**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JOHN WALKER, | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | No. 09-1316-MLB |
| THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants' objections to Chief Magistrate Judge Karen Humphreys' May 27, 2011, order of monetary sanctions (Doc. 100) against defendants. (Doc. 105). The objections have been fully briefed and the matter is ripe for decision. (Docs. 108, 112).[1] The objections are OVERRULED for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

On January 24, 2011, Judge Humphreys granted plaintiff's motion to compel and ordered defendants to produce by February 4 the complete department file for Patricia Harris, all supervision notes by Dr. Lear and any actual or proposed disciplinary actions by anyone against Patricia Harris. (Doc. 58). Defense counsel asked plaintiff's counsel to extend the deadline to February 8 and plaintiff's counsel agreed. The documents were not produced on the eighth due to illness and a snow storm. On February 9, defense counsel produced various

---

[1] Plaintiff's motion to exceed the page limit of her response brief is granted. (Doc. 114).

documents. Those documents, however, were not fully compliant with Judge Humphrey's order. On February 10, plaintiff's counsel received documentation of complaints made about Patricia Harris via witness Sarah Harkness. The "Harkness reports" were dated January 14 and 21, 2011.[2] These reports were not produced by defendants. On February 11, 2011, plaintiff's counsel obtained an affidavit from "EW" who stated that she was denied medication and grief counseling by Harris and that she complained to Dr. Lear on December 10, 2010. This complaint was not produced to plaintiff. On February 16, plaintiff's counsel faxed a letter to defense counsel listing fifteen items which were not disclosed. Defense counsel then forwarded the letter to defendants.

On February 24, counsel met to discuss the items in dispute. Defense counsel stated that he had been absent due to illness and therefore, did not have an opportunity to respond to counsel's letter. Plaintiff's counsel informed defense counsel that she would file a motion for sanctions on March 1 if the discovery materials had not been produced. Plaintiff's counsel notified the court of events. On March 1, defense counsel produced 46 pages of records but was unable to address all fifteen items in dispute. Plaintiff's counsel filed the motion for sanctions with the court.

Judge Humphreys determined that there were "serious questions concerning the thoroughness of defendants' search for documents responsive to plaintiff's discovery requests" but that there was not

---

[2] Interestingly, as noted by Judge Humphreys, these items were disclosed by Harkness directly to plaintiff's counsel and Harkness surreptitiously recorded an investigation by defendants and defense counsel into the disclosure of the records. (Doc. 100 at n. 3).

sufficient evidence to conclude that Dr. Lear and Marilyn Cook have withheld documents. (Doc. 100 at 8, 9). Judge Humphreys concluded that defendants did not comply with the court's January 24 order in a timely manner and therefore, sanctions were warranted. Judge Humphreys ordered monetary sanctions due to the delays and unnecessary expenditure of resources. Defendants assert that the order of sanctions was clearly erroneous and/or contrary to law.

**II. ANALYSIS**

Federal Rule of Civil Procedure 72 governs the procedure for making, and the standard of review for ruling on, objections to orders of magistrate judges. Rule 72(a) states that magistrate orders regarding nondispositive matters shall be modified or set aside when they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A matter is nondispositive when it is a "pretrial matter, not dispositive of a claim or defense of a party." Id. Defendants' motion for protective order dealt with discovery of documents. A discovery request of this nature is a nondispositive matter. Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997) ("Discovery is a nondispositive matter. . . ."). Magistrate judges are afforded broad discretion when resolving discovery disputes. Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1300 (10th Cir. 1999); Smith v. MCI Telecomms. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991).

Under the "clearly erroneous" standard set forth above, the court will affirm the magistrate judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States

Gypsum Co., 333 U.S. 364, 395 (1948)). An order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law or rules of procedure. Botta v. Barnhart, 475 F. Supp.2d 174, 185 (E.D.N.Y. 2007).

First, defendants assert that sanctions should not have been awarded because plaintiff's counsel did not meet and confer in good faith. D. Kan. Rule 37.2 requires counsel to make a reasonable effort to confer. Although plaintiff's counsel gave defense counsel sufficient notice of her intent to file the motion and met with counsel in person, defendants assert that this was not a reasonable effort because plaintiff's counsel was not willing to give defense counsel an additional extension and counsel "unilaterally imposed" a deadline of March 1. Defendants, however, fail to cite to any authority which supports their position that plaintiff's counsel did not meet and confer in good faith. Judge Humphreys found that plaintiff's counsel satisfied Rule 37.2 and defendants' arguments to the contrary are not enough to convince the court that Judge Humphreys' decision was erroneous or contrary to law.

Next, defendants assert that the failure to disclose the "Harkness reports," the Board of Nursing subpoenas and EW's report, were not a sufficient basis to award sanctions. In their brief, defendants have separated out these discovery items and argued how the documents are not, standing alone, a basis for sanctions. Defendants' reasoning, however, is flawed. In awarding sanctions, Judge Humphreys reviewed the very specific itemized list submitted by plaintiff. The repeated failures in disclosing several documents was the basis of the award of sanctions. Judge Humphreys' discussion of individual items

-4-

explains her ultimate award of sanctions and it is clear that sanctions were not awarded just because of the Harkness reports or the failure to produce one item on the list.  Moreover, and most importantly, defendants fail to cite any authority for the basis that Judge Humphreys' order was contrary to law or erroneous.  Defendants' arguments demonstrate that they simply disagree with her ultimate decision.

Therefore, the court is not convinced that Judge Humphreys' decision was contrary to law and is not "left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp., 847 F.2d at 1464.

**III. CONCLUSION**

Defendants' objections to Chief Magistrate Judge Humphreys' May 27, 2011, Order are OVERRULED for the reasons stated herein. (Doc. 105).  No motion for reconsideration will be allowed.  Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated this ___14th___ day of July 2011, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE