# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN WALKER,                              )
                                                 )
         **Plaintiff,**         )
                                                 )
**v.**                                          )     **Case No. 09-1316-MLB**
                                                 )
**THE BOARD OF COUNTY**      )
**COMMISSIONERS OF SEDGWICK**  )
**COUNTY and COMCARE OF SEDGWICK** )
**COUNTY,**                     )
                                                 )
         **Defendants.**      )
_____)

## MEMORANDUM AND ORDER

      This matter is before the court on plaintiff's motion for a protective order (Doc. 157). Specifically, plaintiff seeks an order restricting "defendants from inquiring in great detail about the facts of any prior sexual activity" during his deposition. Defendants counter that plaintiff's deposition was taken on October 13, 2011 and defendants did not asks questions concerning this topic; therefore, this request for relief is moot. The court agrees that this discovery issue is moot.[1]

      Plaintiff also seeks an order preventing defendants from videotaping certain

---

[1]     Defendants assert in a single statement that they "do not waive the right to ask such questions at trial." Whether or not plaintiff's prior sexual activity is a proper area for questioning during trial should be addressed in a motion *in limine*.

depositions that *plaintiff* has noticed because the cost is unduly burdensome.  However, Fed. R. Civ. P. 30(b)(3)(B) provides that the *party requesting* the *additional* method of recording the deposition (e.g. audio or audiovisual) pays the expense of the "additional record." Because defendants are requesting that the depositions be videotaped, they are responsible for the costs of videotaping the depositions.[2]   Accordingly, plaintiff's argument that defendants' request to videotape plaintiffs' scheduled depositions is unduly burdensome is rejected.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 157)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of October, 2011.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[2]   However, if plaintiff desires a copy of the audiovisual recording for his own use, he must pay for his copy.  The cost of the audiovisual recording should be a modest expense.