**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-1316-MLB |
| ) | |
| **THE BOARD OF COUNTY** ) | |
| **COMMISSIONERS OF SEDGWICK** ) | |
| **COUNTY and COMCARE OF SEDGWICK** ) | |
| **COUNTY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for a protective order concerning a psychological test conducted by plaintiff's retained expert witness, Dr. Molly Allen. (Doc. 154). Specifically, plaintiff seeks an order requiring that: (1) the test results only be viewed by opposing counsel *in the presence of Dr. Allen*, (2) no reproductions or notes be taken during the meeting, (3) the test results only be used in the context of a Daubert motion, and (4) defendants pay the costs of Dr. Allen's time related to the inspection. Defendants oppose the motion. For the reasons set forth below, the motion shall be DENIED.

Plaintiff retained Dr. Allen to provide an opinion regarding plaintiff's future mental health treatment and therapy. Dr. Allen gave plaintiff the revised Minnesota Multiphasic Personality Inventory (MMPI-2) test to evaluate his current mental status and relied on the

test results to formulate her opinion that plaintiff would need therapy for the rest of his life.[1] Because Dr. Allen is a retained expert witness designated to present evidence under Federal Rule of Evidence 702, she must provide a written report containing: (1) a complete statement of all opinions she will express as a witness, (2) the ***facts or data she considered in forming her opinion***; and (3) any exhibits she will use to support her opinions. Fed. R. Civ. P. 26(a)(2)(B). Clearly, defendants are entitled to discover the ***facts and data*** on which Dr. Allen relied to formulate her opinions concerning plaintiff's claim for damages.[2]

Plaintiff argues that her proposed conditions for viewing the test results are warranted because defendants have not designated an expert witness to testify concerning plaintiff's mental health damage claims. The fact that defendants do not plan on presenting a retained expert witness concerning plaintiff's claim for future mental health care is irrelevant. Defense counsel are entitled to review the data for potential use in cross-examining Dr. Allen at trial and counsel may rely on independent research or consultation with a non-testifying expert to develop effective cross-examination questions. Defendants' decision to forgo the designation of an expert witness for trial does not justify the conditions proposed by plaintiff.

---

[1] It is unclear from the parties' briefs whether any other psychological tests were administered. Resolution of this uncertainty is unnecessary because plaintiff has failed to carry his burden of showing the need for a protective order containing his requested conditions.

[2] Plaintiff asserts a vague, passing reference to a "proprietary" right concerning the test results. The referenced "proprietary" right has not been supported by any argument or legal analysis and is summarily rejected as a basis for issuing the requested protective order.

Plaintiff also argues that the test data is only relevant to determine whether Dr. Allen's opinion will survive a <u>Daubert</u> motion. The court does not agree. If Dr. Allen's opinion survives the trial court's gate keeper <u>Daubert</u> analysis and is found to be admissible, defendants are still entitled to cross-examine the doctor at trial in an attempt to show that the jury should give little weight to her opinion. In the context of discovery, plaintiff's view of relevance is too narrow.[3]

Finally, plaintiff argues that Dr. Allen testified during her deposition that "the test results were too old to be analyzed properly by another evaluator." Doc. 154, p. 4. The rationale of plaintiff's argument is not entirely clear but defendants are entitled to review and evaluate the data for themselves. Under the circumstances, plaintiff has not carried his burden of showing the need for a protective order with this requested conditions.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 154)** is **DENIED.** The data shall be produced to defense counsel on or before **January 16, 2012. IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of January 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] The court's ruling is limited to the discovery issue before the court. The court expresses no opinion concerning the admissibility of specific testimony during the trial.